UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CARRIE AINSWORTH** | : | **DOCKET NO. 17-cv-004** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **36th JUDICIAL DISTRICT COURT ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a *pro se* civil rights complaint under 42 U.S.C. § 1983, filed *in forma pauperis* by Carrie Ainsworth ("plaintiff") against the 36th Judicial District, Beauregard Parish, Louisiana, and the Department of Children and Family Services ("defendants"). Doc. 1. Because the plaintiff has been granted leave to proceed *in forma pauperis*, the complaint was referred to the undersigned, prior to service of the complaint on defendants, to perform a preliminary review as required by law. 28 U.S.C. Section 1915(e)(2)(B).

After review and for reasons detailed below, it is our recommendation that the petition filed herein be dismissed with prejudice.

### I.
#### BACKGROUND

Plaintiff brings this suit to complain of the removal of her child, K.M., pursuant to a child custody matter in the 36th Judicial District Court. Doc. 1, pp. 7–8. She alleges that K.M. was removed from her custody after she was arrested in a Beauregard Parish criminal case and she alleges the child has not been returned. *Id.* As relief she seeks no monetary damages but instead asks that K.M. be returned to her custody and that they be allowed to relocate to another state. *Id.* at 5.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

The plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. This act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Younger Abstention*

The *Younger* abstention doctrine prohibits federal courts from interfering in ongoing state court proceedings, absent extraordinary circumstances, as a matter of comity and federalism. *See Younger v. Harris*, 91 S.Ct. 764 (1971). It is applicable to requests for declaratory or injunctive relief based upon constitutional challenges to state court proceedings. *Price v. Porter*, 351 Fed. App'x 925, 927 (5th Cir. 2009) (unpublished). To determine that *Younger* abstention is appropriate, a court must find that the following three criteria are satisfied: (1) the judicial or judicial in nature state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Wightman v. Texas Sup. Ct.*, 84 F.3d 188, 189 (5th Cir. 1996).

Here Ainsworth does not seek monetary damages but instead injunctive relief on constitutional grounds from a state court child welfare matter. Thus *Younger* is applicable. The pleadings show that the first criterion is satisfied, as Ainsworth complains about an ongoing proceeding in the 36th Judicial District involving her daughter's removal pursuant to an *instanter* order. *See* doc. 1, pp. 7–8. There is no question that these proceedings implicate important state interest by the involvement of child custody and welfare. *Moore v. Simms*, 99 S.Ct. 2371, 2383 (1979). Finally, Ainsworth may raise her constitutional challenges in the state district court and, if unsuccessful there, in the Louisiana Third Circuit Court of Appeal. Accordingly, *Younger* bars this suit and it should be dismissed with prejudice as frivolous.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the instant matter be **DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. § 1915.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the

District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 9th day of February, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE